Plaintiff, a former Army doctor, served on active duty from June 1942 to May 1947, during which time due to unaccustomed and strenuous physical exertion, climatic conditions experienced, and a blow to his right knee, plaintiff suffered recurrent back pain and painful limitation of his neck and knee. In February 1946 a medical disposition boai’d diagnosed plaintiff’s condition as arthritis, chronic, hypertrophic, moderately severe, and advised restriction of physical activities. Plaintiff was reclassified to permanent limited service status, but was not sent before or recommended for a retiring board. In March 1947 following a terminal physical examination, plaintiff was found not permanently incapacitated for general or limited service, and was separated May 5,1947 in the temporary grade of colonel and effective June 26, 1947 he was appointed in the Officers Keserve Corps. The Veterans Administration increased plaintiff’s percent of physical disability rating from 20% as of May 1947 (on the basis of an incomplete study of Army records and without independent examination) to 40% as of November 1948 (on the basis of a physical examination) to 50% in 1958 and 100% in 1961, where it remains. Since his separation plaintiff has experienced considerable and increased difficulty with the arthritic condition, which has spread to other parts of his body and he has been under doctors’ care and has received out-patient treatment from the Veterans Administration. In 1962 the Army Board for Correction of Military Records denied plaintiff’s application for correction of his records to show retirement by reason of physical disability, without granting him a hearing as requested, despite the disputed complex, contradictory and voluminous medical record. Plaintiff seeks in this suit disability retired pay. Commissioner C. Murray Bernhardt following a trial issued a report on August 2,1972, in which he concludes that the rejection by the Correction Board of *1013 plaintiff’s application was erroneous, and that under all the circumstances plaintiff is entitled to recover. This case came before the court on the merits, having been submitted without oral argument, on plaintiff’s motion that the court adopt the opinion and report of Commissioner Bernhardt, defendant having withdrawn its previously filed notice of intention to except and having also requested that the court adopt the commissioner’s opinion and report. Upon consideration thereof, since the court agrees with the commissioner’s opinion and recommended conclusion of law, the court by order dated October 27,1972 adopted the same as the basis for its judgment in this case that plaintiff is entitled to recover and entered judgment for plaintiff on liability with the amount of recovery to be determined in further proceedings.